UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FERMIN SOLIS ANIEL, an individual; ERLINDA ABIBAS ANIEL, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>EMC MORTGAGE CORPORATION; NDEX WEST, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET FUNDING INVESTMENTS II., BEAR STEARNS MORTGAGE FUNDING TRUST 2006-ARS, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR5 AND DOES 1 THROUGH 50,<br><br>Defendants. | Case No: C 10-5170 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, IN PART, AND REMANDING SUPPLEMENTAL STATE LAW CLAIMS TO STATE COURT**<br><br>Docket 5, 8 |

Plaintiffs Fermin Solis Aniel and Erlinda Abibas Aniel (collectively "Plaintiffs") bring the instant action against EMC Mortgage Corporation ("EMC"), NDEx West, LLC ("NDEx"), Mortgage Electronic Registration Systems Inc. ("MERS") and Wells Fargo Bank,[1] to challenge the foreclosure of their property located at 1061 Sycamore Dr., Millbrae, California ("the Property"). The parties are presently before the Court on the following motions: (1) Plaintiffs' motion to remand, Dkt. 8, and (2) Defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Dkt. 5. Having read and

---

[1] "Wells Fargo Bank" refers to "Wells Fargo Bank, National Association as Trustee for the Certificateholders of Structured Asset Mortgage Investment II Inc., Bear Stearns Mortgage Funding Trust 2006-AR5, Mortgage Pass-Through Certificate Series 2006-AR5 by EMC Mortgage Corporation." See Compl. at 1-2, Dkt. 1.

considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiffs' motion to remand and GRANTS Defendants' motion to dismiss, in part, as to Plaintiffs' federal claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.  The Court declines to assert supplemental jurisdiction over the remaining state law claims, which are remanded to state court.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.   BACKGROUND

   A.   FACTUAL SUMMARY

      1.   Foreclosure Proceedings

On October 2, 2006, Plaintiffs executed a Deed of Trust ("Deed") as security for a $1,000,000 mortgage on the Property.  Compl. ¶ 15 & Ex. A at 2.  Plaintiffs allege that they "lived on the property from 2003-2006." Id.  The Deed identifies Bear Stearns Residential Mortgage Corporation as the "Lender"; Fidelity National Title ("Fidelity") as the "Trustee'" and MERS as "nominee" for the Lender and as the "beneficiary" under the Deed. Id. Ex. A at 2.  In July 2008, "Plaintiffs defaulted in their loan because of the sudden downturn in the economy and the housing market." Id. ¶ 27.  Plaintiffs claim that they sought a loan modification from EMC, the loan servicer, but that EMC rejected their request. Id.

On or about May 25, 2010, NDEx, as the agent for the beneficiary, recorded a Notice of Default against the Property. Id. ¶ 31 & Ex. D.  On July 20, 2010, NDEx was substituted as the Trustee under the Deed by Wells Fargo Bank. Id. Ex. F.  On August 26, 2010, NDEx recorded a Notice of Trustee's Sale on the Property. Id. ¶ 35.  Wells Fargo Bank acquired the property at the trustee's sale, which was held on September 15, 2010. Id. ¶ 38.

### 2. Bankruptcy and Judicial Proceedings

In the meantime, on February 25, 2009, Plaintiffs, acting pro se, filed a chapter 11 bankruptcy petition in the United States Bankruptcy Court, Northern District of California, on February 9, 2009.  See In re Fermin Solis Aniel, et al., No. 09-30452 DM (N.D. Cal. Bkrtcy. Ct.); Defs.' Request for Judicial Notice, Ex. 7, Dkt. 6 (copy of bankruptcy petition).[2]  According to their Chapter 11 Reorganization Plan, Plaintiffs began acquiring real estate in the 1990's for commercial investment purposes by "borrowing the equity from the properties as the market would allow and used that equity to purchase[] more properties."  Id. at 7, Dkt. 219.  Plaintiffs listed their primary residence as 75 Tobin Clark Dr., Hillsborough, California, which they valued at $2,434,000.  Id. at 3, 11.  In addition, Plaintiffs identified six rental properties located in the San Francisco Bay Area which they owned, including the Property.  Id. at 8.[3]  According to Plaintiffs, "[w]hen the real estate market fell apart, so did the cash flow required to service the debt on all of [their] rented properties."  Id. at 7.

On October 10, 2010, while the bankruptcy proceeding was pending, Plaintiffs filed the instant lawsuit in San Mateo County Superior Court, alleging claims under the FDCPA and various state law causes of action.  On November 2, 2010, Plaintiffs obtained an order from the bankruptcy court granting their unopposed motion to compel the bankruptcy

---

[2] Plaintiffs filed the instant action after commencing a chapter 11 bankruptcy proceeding in the United States Bankruptcy Court, Northern District of California.  Because the bankruptcy proceeding because bears upon Plaintiffs' standing to pursue this lawsuit, the Court takes judicial notice of that proceeding.  See Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) (noting that a district court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'").

[3] Several of the other properties listed in Plaintiffs' reorganization plan have been foreclosed upon and have been the subject of separate pro se lawsuits filed by Plaintiffs in this Court.  See Aniel v. T.D. Serv. Co., No. C 10-05323 WHA (418 Persia Ave., San Francisco, California); Aniel v. EMC Mortgage Corp., No. C 10-00951 SBA (1881 Earl Ave., San Bruno, California); Aniel v. T.D. Serv. Co., No. C 10-03185 JSW (418 Persia Ave., San Francisco, California);  and Aniel v. Aurora Loan Servs. LLC, No. C 10-01042 JSW (833 Clearfield Dr., Millbrae, California).

trustee to abandon certain property of the bankrupt estate, including the Property and the instant lawsuit. Id., Dkt. 257.[4]

On November 15, 2010, Defendants removed the action on the ground that the Court has original jurisdiction over Plaintiffs' FDCPA claim.  Notice of Removal ¶ 3, Dkt. 1. Defendants filed a motion to dismiss on November 23, 2010, Dkt. 5, and Plaintiffs filed a motion to remand on November 28, 2010, Dkt. 8.  On December 2, 2010, the action was reassigned from Magistrate Judge Edward M. Chen to this Court.  Dkt. 13.  Both motions are fully briefed and are ripe for adjudication.

## II. PLAINTIFFS' MOTION TO REMAND

A motion for remand is the proper procedure for challenging removal.  A remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.  See 28 U.S.C. § 1447(c).  A motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  Id.  "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  As such, any doubts regarding the propriety of the removal favor remanding the case.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

A notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...." 28 U.S.C. § 1446(b). "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended*

---

[4] The bankruptcy action was terminated on February 4, 2011.  Id., Dkt. 268, 269.

*by any formal service*."  Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 347-48, (1999) (emphasis added).

The sufficiency of process in federal courts is determined by Rule 4 of the Federal Rules of Civil Procedure.  Under Rule 4(h)(1), service on a corporation may be accomplished in either of two ways:  (1) service may be in accordance with Rule 4(e)(1), which allows service according to the procedures of the state in which the federal court sits; or (2) service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process ...."  Fed. R .Civ. P. 4(h)(1)(A) & (B).  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."  Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

Here, Plaintiffs argue that Defendants' notice of removal is untimely because they were served by Express Mail on October 4, 2010, but did not file their notice of removal until more than thirty days thereafter.  This contention lacks merit.  California Code of Civil Procedure § 415.30(a) permits service by "first-class mail or airmail…."[5]  However, service is deemed complete only upon execution of a written acknowledgment of receipt of summons.  Cal. Civ. Proc. § 415.30(c) ("Service of a summons pursuant to this section is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender.").  In this instance, Plaintiffs concede that Defendants did *not* execute or return the requisite written acknowledgments.  See Pls.' Mot. to Remand at 4.  Since Defendants were not properly served, their deadline to remove was not triggered.  See Terry v. Travelers Indem. Co. of Conn., No. 2:06-CV-1004-MCE GGH, 2006 WL 2354781, at *2 (E.D. Cal. Aug. 14, 2006) (thirty-day removal period was not triggered where defendants did not sign or return the

---

[5] Section 415.30(a) provides that "[a] copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender."  It is unclear whether service made by United States Express Mail is permissible under this section.

notice and acknowledgment in accordance with § 415.30(c)).  Because Defendants' removal was timely, Plaintiffs' motion to remand is DENIED.

## III. DEFENDANTS' MOTION TO DISMISS

### A. LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss for failure to state a claim based on deficient pleading, a complaint must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1949) (internal quotation marks omitted).  When the facts alleged do not nudge a plaintiff's claim "across the line from conceivable to plausible," the court should dismiss the complaint.  See Twombly, 550 U.S. at 570.  If the complaint is dismissed, plaintiff generally should be afforded leave to amend unless it is clear the complaint cannot be saved by amendment.  See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

### B. ANALYSIS

#### 1. Standing

Defendants contend that Plaintiffs lack prudential standing on the ground that they filed the instant action during the pendency of their bankruptcy action.  Generally, "[a] bankruptcy trustee is the representative of the bankrupt estate and has the capacity to sue

and be sued." Smith v. Arthur Andersen LLP, 421 F.3d 989, 1002 (9th Cir. 2005) (citing 11 U.S.C. § 323). "Among the trustee's duties is the obligation to 'collect and reduce to money the property of the estate.'" Id. (quoting 11 U.S.C. § 704(1)). "The 'property of the estate' includes 'all legal or equitable interests of the debtor in property as of the commencement of the case,' … including the debtor's 'causes of action.'" Id. (quoting United States v. Whiting Pools, Inc., 462 U.S. 198, 205 n.9 (1983)). A chapter 11 bankruptcy trustee stands in the shoes" of the debtor and has standing to bring any suit that he could have instituted had he not petitioned for bankruptcy. See Ahcom, Ltd. v. Smeding, 623 F.3d 1248, 1250 (9th Cir. 2010). The trustee's authority to assert claims on behalf of the bankrupt estate is "exclusive." Id.

"Standing is determined as of the commencement of litigation." Biodiversity Legal Found. v. Badgley, 309 F.3d 1166, 1170 (9th Cir. 2002). Plaintiffs filed this lawsuit while their bankruptcy action was pending. At that time, only the bankruptcy trustee had the authority to bring claims belonging to the bankrupt estate. See Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004) (debtor lacked prudential standing when he filed suit because the bankrupt estate was the real party in interest); In re Eisen, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994) (finding that only the trustee, not the debtor, had standing to file an appeal). However, Plaintiffs obtained standing on November 2, 2010, when the bankruptcy court granted their unopposed motion to compel the trustee to "abandon" the estate's claims in the Property, as well as the instant lawsuit. See Catalano v. C.I.R., 279 F.3d 682, 685 (9th Cir. 2002) ("Upon abandonment, the debtor's interest in the property is restored *nunc pro tunc* as of the filing of the bankruptcy petition."). Tellingly, Defendants do not dispute in their reply that the abandonment order conferred Plaintiffs with standing to pursue this action. Therefore, the Court finds that the instant action is not subject to dismissal for lack of prudential standing. The Court now turns to the merits of Plaintiffs' federal claim.

### 2. FDCPA

Plaintiffs' first claim for relief alleges that EMC, NDEx and Wells Fargo Bank violated the FDCPA allegedly by failing to make certain disclosures regarding the "true

owner of the loan" and by taking unauthorized steps to proceed with a non-judicial foreclosure on the Property.  See Compl. ¶ 45.  The FDCPA prohibits "debt collectors" from engaging in various unlawful debt collection practices, including the making of "false, deceptive or misleading representations."  15 U.S.C. §§ 1692a & 1692e.  A "debt collector" includes any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  Id. § 1692a(6).  A "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, *property*, insurance, or services which are the subject of the transaction *are primarily for personal, family, or household purposes*, whether or not such obligation has been reduced to judgment."  Id. § 1692a(5).

Though the Ninth Circuit has not yet decided whether the FDCPA applies to a non-judicial foreclosure, courts within this Circuit have concluded that it does not constitute "debt collection" under the FDCPA.  See, e.g., Hanaway v. JPMorgan Chase Bank, No. SACV 10-1809 DOC(PLAx), 2011 WL 672559, at *4 (C.D. Cal. Feb. 15, 2011) ("Since a transfer in interest is the aim of a foreclosure, and not a collection of debt, the foreclosure proceeding is not a debt collection action under the FDCPA."); Aniel v. T.D. Serv. Co., No. C 10-03185 JSW, 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010) ("allegations relating to the FDCPA claim relate to foreclosure proceedings and courts throughout this circuit have concluded that foreclosure does not constitute 'debt collection' under the FDCPA") (White, J.); Deissner v. Mortgage Elec. Regis. Sys., 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009) ("the activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA."), aff'd, 2010 WL 2464899 (9th Cir. Jun. 17, 2010) (internal quotations omitted); Landayan v. Wash. Mutual Bank, No. C 09-0916 RMW, 2009 WL 3047238, at * 3 (N.D. Cal. Sept. 18, 2009) ("A claim cannot arise under FDCPA based upon the lender enforcing its security interest under the subject deed of a trust because foreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the FDCPA") (citing Maguire v. Citicorp. Retail Svcs., Inc., 147 F.3d 232, 236 (2d Cir. 1998) and Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.

1985)) (Whyte, J.).  Because Plaintiffs have not stated—and based on the allegations in the Complaint, could not state—a viable claim under the FDCPA, Plaintiffs' first claim is dismissed with prejudice.[6]

### 3. Supplemental State Law Causes of Action

All of Plaintiffs' remaining claims are based on state law.  When the federal claims that served as the basis for jurisdiction are eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action.  See 28 U.S.C. § 1367(c)(3); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (court may sua sponte exercise its discretion and dismiss state law claims under 28 U.S.C. § 1367(c)).  Given the dismissal of Plaintiffs' only federal claim, coupled with the early stage of the litigation, the Court exercises its discretion remands Plaintiffs' state law causes of action to state court.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351(1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction.");

---

[6] It also is evident that the debt was not incurred for personal or household purposes, as required by the FDCPA.  See Bloom v. I.C. Sys., Inc., 972 F.2d 1067, 1068-69 (9th Cir. 1992) (noting that the FDCPA does not apply to debts incurred for commercial reasons). The Complaint alleges that mortgage at issue was originated in October 2006, and that Plaintiffs resided at the Property from "2003-2006."  Compl. ¶ 15.  However, in Plaintiffs' Statement of Financial Affairs filed in the bankruptcy action, they claim, *under penalty of perjury*, that they have been residing at 75 Tobin Clark, Hillsborough CA 94010 from "*JUNE 2005*-PRESENT."  See In re Fermin Solis Aniel, N.D Cal. Bkrptcy. No 09-30452 DM, Dkt. 16 at 8 (emphasis added).  Plaintiffs' allegation in the Complaint that they resided in the Property at the time the mortgage at issue was originated simply is an attempt to avoid dismissal of their FDCPA claim.  However, the Court need not accept as true allegations that are contradicted by matters that are subject to judicial notice.  See In re Gilead Sciences Secs. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).  Since it is apparent that Plaintiffs obtained the mortgage while the Property was being used as a rental, their FDCPA is subject to dismissal on this independent ground.  See Aniel v. TD Serv. Co., No. C 10-05323 WHA, 2011 WL 109550, at *4 (N.D. Cal. Jan. 13, 2011) ("This action arises out of a mortgage loan on a rental property, and that loan is not a 'debt' covered by the FDCPA.") (Alsup, J.); accord Aniel v. Litton Loan Serv., LP, No. C 10-0951 SBA, 2011 WL 635258, at *4 (Feb. 11, 2011) (Armstrong, J.).

Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court.").

## IV.  CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion to remand is DENIED.

2. Defendants' motion to dismiss is GRANTED as to Plaintiffs' first claim under the FDCPA, which is dismissed without leave to amend.

2. The Court declines to assert supplemental jurisdiction over Plaintiffs' remaining state law causes of action and REMANDS the action to San Mateo County Superior Court.

3. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated:  March 4, 2011

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANIEL et al,

        Plaintiff,

 v.

EMC MORTGAGE CORPORATION et al,

        Defendant.
                                     /

Case Number: CV10-05170 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 4, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Erlinda Abibas Aniel
75 Tobin Clark Drive
Hillsborough, CA 94010

Fermin Solis Aniel
75 Tobin Clark Drive
Hillsborough, CA 94010

Dated: March 4, 2011

                           Richard W. Wieking, Clerk

                                By: LISA R CLARK, Deputy Clerk